**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald K. Smith, as Trustee for and on behalf of Boston Chicken, et. al,<br><br>Plaintiff,<br><br>vs.<br><br>Arthur Andersen, et. al,<br><br>Defendants. | No. 01-CV-0218-PHX-PGR<br>01-CV-0246-PHX-PGR<br>02-CV-1162-PHX-PGR<br>02-CV-1248-PHX-PGR<br><br>(Consolidated)<br><br>**ORDER** |

Currently pending before the Court are the various parties' motions in limine which were addressed at the Pretrial Conference on November 29 and 30, 2005. As the Court indicated during the conference, a ruling denying a motion in limine does not necessarily mean that certain evidence is admissible. Accordingly, a ruling by the Court granting a motion in limine does not mean that such evidence is inadmissible. Evidence that may not be admissible during one stage of trial may become admissible at another. Furthermore, the Court's rulings on the following motions are without prejudice. For example, the Court finds that many of the motions are premature and/ or overly broad. All of the Court's rulings are subject to the limitation that they can be readdressed, if necessary, at the appropriate time during trial. Therefore,

1    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No.1 Regarding: Plaintiff's Improper Assertion of Unpled Breach of Fiduciary Duty Claim Against Underwriters (Doc. 1620) is taken under advisement.

IT IS ORDERED that the Underwriters Defendants' Motion in Limine No. 2 to Preclude: Parol Evidence Relating to Ambiguous Allocation of Duties to Underwriters' Purchase Agreements (Doc. 1622) is DENIED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 3 to Preclude: Reference to the Defendants as a Group or the Underwriters Using Pejorative Terms (Doc. 1627) is GRANTED.

IT IS ORDERED that the Underwriters Defendants' Motion in Limine No. 4 to Preclude: Evidence that 1) Investors Suffered Any Harm or that Plaintiff is Seeking Recovery Based on Any Such Harm; or 2) That Any Money Recovered in this Litigation May Be Distributed to Investors (Doc. 1628) is DENIED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 5 to Preclude: Evidence Relating to Settlement Agreements (Doc. 1629) is DENIED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 6 to Preclude: Evidence Relating to Amounts Offered or Paid in Connection with Securities Class Action Settlements (Doc. 1630) is DENIED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 7 to Preclude: Evidence or Argument Regarding Enron, Worldcom, Tyco, Qwest, Global Crossing, Adelphia or Any Other Corporate Scandals (Doc. 1631) is GRANTED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 8 to Preclude: Written Expert Reports (Doc. 1632) is GRANTED.

IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 9 to Preclude: Evidence or Argument Regarding Howell v. Blockbuster Entertainment Corp. (Doc. 1633) is DENIED.

1     IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 10 Regarding: Precluding Plaintiff's Use of Sworn Statements as Hearsay Under Fed. R. Evid. 802 (Doc. 1634) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 11 to Preclude: Parol Evidence Regarding Unambiguous Obligation in FAD Loan Agreements to Repay FAD Loans (Doc. 1635) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 12 to Preclude: Any Mention of Punitive Damages Until a Predicate Showing of Required Elements and of Any Mention of Financial Worth of Defendants (Doc. 1636) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 13 to Preclude: Use of Deposition Testimony During Opening Statements (Doc. 1638) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 14 to Preclude: Plaintiff From Improperly Using Expert Witnesses as Fact Narrators (Doc. 1639) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 15 to Preclude: Expert Testimony on Matters of Law and on State of Mind (Doc. 1640) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 16 to Preclude: Alleged Co-Conspirator Statements Under Fed. R. Evid. 801(d)(2)(E) Before the Court Has Ruled on its Predicate Foundation (Doc. 1641) is DENIED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 17 to Preclude: Evidence or Argument Before the Jury Regarding Prejudgment Interest (Doc. 1642) is GRANTED.

    IT IS ORDERED that the Underwriter Defendants' Motion in Limine No. 18 to Preclude: Evidence or Argument Regarding Litigation Against Paul Weiss Attorney Mark Belnick Arising From His Employment at Tyco International, Ltd. (Doc. 1643) is DENIED.

    IT IS ORDERED that Defendant Paul Weiss's Daubert Motion to Preclude the Testimony of Cathy Krendl (Motion #1 - Doc. 1705) is DENIED.

1  IT IS ORDERED that Defendant Paul Weiss's <u>Daubert</u> Motion to Preclude the Testimony of Richard Breeden (Motion #2 - Doc. 1660) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's <u>Daubert</u> Motion to Preclude Dr. Allen Michel's Expert Testimony on Damages (Motion #3 - Doc. 1703) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in</u> <u>Limine</u> to Preclude Argument or Evidence of Damages Based on the Securities Class Action (Motion #4 - Doc. 1653) is GRANTED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in Limine</u> to Preclude Plaintiff's Experts from Testifying as to Legal Conclusions (Motion #5 - Doc. 1699) is DENIED.

IT IS ORDERED that Defendant Paul Weiss' Motion <u>in Limine</u> to Preclude Plaintiff's Experts From Opining on State of Mind or Intent (Motion #6 - Doc. 1692) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in</u> <u>Limine</u> to Preclude the Testimony of Richard Breeden (Motion #7 - Doc. 1646) is DENIED.

IT IS ORDERED that Defendant Paul Weiss' Motion <u>in</u> <u>Limine</u> to Exclude the Testimony of Anthony D. Wedo Regarding BCI's Alleged Control of the FADs (Motion #8 - Doc. 1655) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in Limine</u> to Preclude Evidence or Argument Seeking to Impose Liability Based on Communications with the SEC ( Motion #9 - Doc. 1695) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in Limine</u> to Preclude Evidence Related to the "Howell Decision" (Motion #10 - Doc. 1684) is DENIED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in Limine</u> to Preclude Evidence Related to Paul Weiss's Potential Conflict of Interest in Representing Boston Chicken and Bank of America (Motion #11 - Doc. 1685) is GRANTED.

IT IS ORDERED that Defendant Paul Weiss's Motion <u>in Limine</u> to Preclude Evidence and Argument That This Is a Case on Behalf of Investors (Motion #12 - Doc. 1697) is DENIED.

- 4 -

1  IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude
2  Argument or Evidence of Damages From "Looting" or "Waste" (Motion #13 - Doc. 1698)
3  is DENIED.

4  IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude Evidence
5  That This is a Case on Behalf of Creditors (Motion #14 - Doc. 1689) is DENIED.

6  IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Declare that New
7  York Code of Professional Responsibility Governs the Conduct of Paul Weiss (Motion #15 -
8  Doc. 1637) is DENIED.

9  IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude Evidence
10 of FAD Owner's State of Mind Concerning Their Undisclosed, Subjective Intent Not to
11 Repay Loans (Motion #16 - Doc. 1615) is DENIED.

12 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude
13 Argument that Paul Weiss Knew the Implicit Rate (Motion #17 - Doc. 1702) is DENIED.

14 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude Evidence
15 or Argument Regarding Speculation About the Independent Directors' Actions (Motion #18 -
16 Doc. 1624) is DENIED.

17 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude
18 Evidence, Examination, or Argument Regarding Mark Belnick's Employment at TYCO
19 ( Motion #19 - Doc. 1657) is DENIED.

20 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude
21 Arguments and Evidence Appealing to Regional Bias (Motion #20 - Doc. 1618) is
22 GRANTED.

23 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Bar Any
24 Descriptions of Plaintiff as Court-Appointed or Appointed by a Federal Judge (Motion #21 -
25 Doc. 1701) is DENIED.

26 IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude Evidence
27 and Argument Related to the Notes of Messrs. Marcus and Weissmann (Motion #22 - Doc.
28 1623) is DENIED.

1    IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Limit the Use of
2 Plaintiff's Ex Parte Sworn Statements (Motion #23 - Doc. 1682) is DENIED.

3    IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Preclude Use of
4 Defendants' Experts' Deposition Testimony in Plaintiff's Case-in-Chief (Motion #24 - Doc.
5 1649) is DENIED.

6    IT IS ORDERED that Defendant Paul Weiss's Motion in Limine Regarding the
7 Presentation of Exhibits and Transcripts of Testimony to the Jury (Motion #25 - Doc. 1711)
8 is DENIED.

9    IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Bar Collective
10 References Such as "The Professional Defendants" and to Bar Plaintiff From Referring to
11 Paul Weiss in Disparaging or Pejorative Terms (Motion #26 - Doc. 1686) is GRANTED.

12    IT IS ORDERED that Defendant Paul Weiss's Motion in Limine to Bar Plaintiff From
13 Referring to Himself as "Trustee" (Motion #27 - Doc. 1700) is DENIED.

14    IT IS ORDERED that Plaintiff's Motion in Limine No. 1 to Preclude Evidence
15 Contradicting the Bankruptcy Court's Findings in Connection with Confirmation of BCI's
16 Plan, Including Any Evidence that the Sale of BCI's Assets to McDonald Corporation Was
17 Insufficient or that the Settlement with the Banks was Improper (Doc. 1667) is DENIED.

18    IT IS ORDERED that Plaintiff's Motion in Limine No. 2 to Preclude Defendants From
19 Claiming that Gerald K. Smith Took Action That Was Actually Taken By BCI, the Debtor-
20 in-Possession, Before Smith Was Appointed Trustee (Doc. 1668) is DENIED.

21    IT IS ORDERED that Plaintiff's Motion in Limine No. 3 to Preclude Defendants from
22 Arguing that the Trustee is Controlled by, or is in any way a Proxy for, the Banks (Doc.
23 1669) is DENIED.

24    IT IS ORDERED that Plaintiff's Motion in Limine No. 4 to Preclude Use of Michael
25 J. Jenkins' Deposition Testimony at Trial (Doc. 1670) is DENIED.

26    IT IS ORDERED that Plaintiff's Motion in Limine No. 5 to Preclude the Defendants
27 From Asserting that the Trustee is Pursuing "Non-Company" Claims Belonging to Investors
28 or Creditors (1671) is DENIED.

1    IT IS ORDERED that Plaintiff's Motion in Limine No. 6 to Preclude Evidence
2 Regarding Gerald K. Smith and Lewis & Roca's ALAS Insurance Coverage (Doc. 1672) is
3 GRANTED.

4    IT IS ORDERED that Plaintiff's Motion in Limine No. 7 to Preclude Defendants and
5 Their Experts from Testifying or Arguing that the Incurrence of Additional Debt by an
6 Insolvent Corporation Does Not Harm the Corporation (Doc. 1673) is DENIED.

7    IT IS ORDERED that Plaintiff's Motion in Limine No. 8 to Exclude the Testimony
8 of Daniel Fischel Regarding Deepening Insolvency (Doc. 1674) is DENIED.

9    IT IS ORDERED that Plaintiff's Motion in Limine No. 9 to Preclude Repetitive and
10 Cumulative SEC Standard of Care Testimony by Four Paul Weiss Expert Witnesses (Doc.
11 1675) is DENIED.

12    IT IS ORDERED that Plaintiff's Motion in Limine No. 10 Precluding Defendants
13 From Arguing or Suggesting the Existence of Statutory Defenses (Including "Reliance" and
14 "Due Diligence" Defenses) to the Trustee's Common Law Claims (Doc. 1676) is DENIED.

15    IT IS ORDERED Plaintiff's Motion in Limine No. 11 to Preclude Testimony or
16 Argument that the Trustee's Claims are Preempted by Federal Law (Doc. 1677) is DENIED.

17    IT IS ORDERED Plaintiff's Motion in Limine No. 12 to Preclude Improper
18 References to the Trustee's Settlements or to Other Settlements of Claims Against Parties to
19 this Litigation (1678) is DENIED.

20    IT IS ORDERED that Plaintiff's Motion in Limine No. 13 to Preclude Defendants
21 From Mentioning this Lawsuit's Consolidation with the BCI Class Action and Any Potential
22 Application of SLUSA (Doc. 1679) is GRANTED.

23    IT IS ORDERED that Plaintiff's Motion in Limine No. 14 to Preclude Evidence
24 Regarding the Trustee's Fee Arrangement with Counsel (Doc. 1680) is GRANTED.

25    IT IS ORDERED that Plaintiff's Motion in Limine No. 15 to Preclude Any Testimony
26 That the SEC or its Staff Approved or Signed Off on BCI's Disclosures (Doc. 1681) is
27 DENIED.

28

1  IT IS ORDERED that Plaintiff's Motion in Limine No. 16 to Preclude Argument or
2  Evidence Regarding Any Standard of Control Different Than Rule 405, Rule 12b-2 and Rule
3  1-02(g) (Doc. 1683) is DENIED.

4  IT IS ORDERED that Plaintiff's Motion in Limine No. 17 to Exclude Irrelevant
5  Evidence of Defendant Saad Nadhir's Alleged Charitable Contributions (Doc. 1687) is
6  GRANTED.

7  IT IS ORDERED that Plaintiff's Motion in Limine No. 18 to Exclude Irrelevant
8  Evidence of Defendant Saad Nadhir's Claim That He Went Down With the Ship (Doc. 1688)
9  is DENIED as moot.

10  IT IS ORDERED that Plaintiff's Motion in Limine No. 19 to Preclude Evidence of
11  Negligence or Fault of the Non-Parties Identified in Andersen's Designation of Non-Parties
12  at Fault, and, Motion to Strike Andersen's Designation of Non-Parties at Fault Filed on
13  6/18/02 (Doc. 1709) is DENIED.

14  IT IS ORDERED that Plaintiff's Motion in Limine No. 20 to Preclude Evidence of
15  Negligence or Fault of the Non-Parties Identified in the Underwriter Defendants' Designation
16  of Non-Parties At Fault Filed 6/18/02, and, Motion to Strike Underwriters' Designation of
17  Non Parties at Fault (1719) is DENIED.

18  IT IS ORDERED that Plaintiff's Motion in Limine No. 21 to Preclude Evidence of
19  Negligence or Fault of the Non-Parties Identified in the Individual Defendants' (Nadhir's)
20  Designation of Non-Parties At Fault Filed 6/18/02, and, Motion to Strike Nadhir's
21  Designation of Non Parties at Fault (1710) is DENIED.

22  IT IS ORDERED that Plaintiff's Motion in Limine No. 22 to Preclude Evidence of
23  Negligence or Fault of the Non-Parties Identified in Paul Weiss' Designation of Non-Parties
24  At Fault Filed 12/23/02, and, Motion to Strike Paul Weiss' Designation of Non Parties at
25  Fault Filed 12/23/02 (1722) is DENIED.

26  IT IS ORDERED that the Plaintiff's Motion in Limine No. 23 to Preclude Evidence
27  of Negligence or Fault of the Non-Parties Identified in PricewaterhouseCoopers' Designation
28

1  of Non-Parties at Fault Filed on 12/23/02 and Motion to Strike PricewaterhouseCoopers'
2  Designation on 12/24/02 (Doc. 1723) is DENIED.

3  IT IS ORDERED that the Plaintiff's Motion in Limine No. 24 to Preclude Evidence
4  of Negligence or Fault of the Non-Parties Identified in PricewaterhouseCoopers'
5  Supplemental Designation of Non-Parties at Fault Filed on 11/12/03 and Motion to Strike
6  PricewaterhouseCoopers' Supplemental Designation of 11/12/03 (Doc. 1715) is DENIED.

7  IT IS ORDERED that Plaintiff's Motion in Limine No. 25 to Preclude Evidence of
8  Negligence or Fault of the Non-Parties Identified in Paul Weiss' Second Designation of Non-
9  Parties At Fault Filed 04/26/04, and, Motion to Strike Paul Weiss' Designation of Non Parties
10  at Fault Filed 04/26/04 (1712) is DENIED.

11  IT IS ORDERED that Plaintiff's Motion in Limine No. 26 to Preclude Evidence of
12  Negligence or Fault of the Non-Parties Identified in the Underwriter Defendants' Second
13  Designation of Non-Parties At Fault Filed on 06/18/04 and, Motion to Strike the Underwriter
14  Defendants' Designation of Non Parties at Fault Filed 06/18/04 (1720) is DENIED.

15  IT IS ORDERED that Plaintiff's Motion in Limine No. 27 to Preclude Evidence of
16  Negligence or Fault of the Non-Parties Identified in Defendant Nadhir's Fourth Supplemental
17  Designation of Non-Parties At Fault Filed 11/23/04, and, Motion to Strike Defendant
18  Nadhir's Fourth Supplemental Designation of Non-Parties at Fault ( Doc. 1724) is DENIED.

19  IT IS ORDERED that Plaintiff's Motion in Limine No. 28 to Preclude Evidence of
20  Negligence or Fault of the Non-Parties Identified in Andersen's Second Supplemental
21  Designation of Non-Parties At Fault Filed on 12/29/04, and, Motion to Strike Andersen's
22  Second Supplemental  Designation of Non Parties at Fault Filed on 12/29/04 (1716) is
23  DENIED.

24  IT IS ORDERED that Plaintiff's Motion in Limine No. 29 to Preclude Evidence of
25  Negligence or Fault of Non-Parties Identified in Bell Boyd Lloyd's Designation of Non-
26  Parties at Fault filed on 6/18/02, and, Motion to Strike Bell Boyd Lloyd's Supplemental
27  Designation of Non-Parties at Fault Filed on 6/18/02 (Doc. 1721) is DENIED.

28

1  IT IS ORDERED that Plaintiff's Motion in Limine No. 30 to Preclude Evidence of Negligence or Fault of Non-Parties Identified in Peer Pedersen's Amended Contingent Designation Filed on July 10, 2003, and, Motion to Strike Peer Pedersen's Designation of Non-Parties at Fault Filed on July 10, 2003 (Doc. 1713) is DENIED.

IT IS ORDERED that Plaintiff's Motion in Limine No. 31 to Preclude Evidence of Negligence or Fault of Non-Parties Identified in Designations Which Have Already Been Stricken by Court Order (Doc. 1717) is DENIED.

IT IS ORDERED that Plaintiff's Motion in Limine No. 32 to Compel Live Testimony of Defendants' Witnesses in Plaintiff's Case; or, to Preclude Live Testimony of Defendants' Witnesses in Defendants' Case (Doc. 1718) is DENIED.

IT IS ORDERED that Plaintiff's Motion in Limine No. 33 to Preclude Witnesses for Underwriter Defendants Regarding Subjects of Documents Wrongfully Withheld from the Trustee; Alternatively, to Allow Trustee to Conduct Additional Depositions (Doc. 1690) remains unresolved pending an attempt by counsel to resolve the matters raised in it. Accordingly, the Court defers its ruling.

IT IS ORDERED that Plaintiff's Motion in Limine No. 34 To Preclude Certain Testimony of Saad Nadhir's Expert Peter Opperman Regarding Executive Compensation Issues About Which He Said He Had No Opinions At His Deposition (Doc. 1691) is DENIED as moot.

IT IS ORDERED that Plaintiff's Motion in Limine No. 35 to Preclude Certain Testimony by Paul Weiss Expert Daniel Fischel Concerning Issues About Which He Had No Opinions At His Deposition (Doc. 1693) is DENIED.

IT IS ORDERED that Plaintiff's Motion in Limine No. 36 Precluding Testimony of Underwriter's Expert Paul Albert Regarding Certain Due Diligence Issues About Which He Had No Opinions At His Deposition (Doc. 1694) is DENIED.

IT IS ORDERED Plaintiff's Motion in Limine No. 37 Precluding Testimony of Underwriting Expert Jonathon Macey Regarding the Outside Directors' Role in the BCI Initial Public Offering (Doc. 1696) is DENIED.

- 10 -

1    IT IS ORDERED that Defendants' Motion Regarding Proposed Agenda for the
2 Pretrial Conference Scheduled to Begin on November 29, 2005 (Doc. 1889) is DENIED as
3 moot.

4    IT IS ORDERED that Arthur Andersen's Motion for Joinder in Paul Weiss Motion
5 Dated November 4, 2005 (Doc. 1886) is GRANTED.

6    IT IS ORDERED that Arthur Andersen's Motion for Joinder in Underwriter
7 Defendants' Motion to Determine the Issue of Damages at the November 29, 2005 Pretrial
8 Conference (Doc. 1879) is GRANTED.

9    IT IS ORDERED that the Underwriter Defendants' Motion to Determine the Issue of
10 the Measure of Damages (Doc. 1878) is taken under advisement.

11    IT IS ORDERED that the Motion of Defendants Paul Weiss and Arthur Andersen to
12 Include the Issue of Standing on the Agenda for the Pretrial Conference Scheduled to Begin
13 on November 29, 2005, and to Enter Judgment Under Rule 16 Because of the Lack of
14 Evidence to Support Standing Under the Only Theory of Standing Accepted by the Ninth
15 Circuit (Doc. 1870) is DENIED.  The Court concludes that pursuant to the recent Ninth
16 Circuit Court of Appeals' decision, the Plaintiff has standing to pursue damages in this
17 matter.

18    IT IS FURTHER ORDERED that a Final Pretrial Conference is scheduled to be held
19 before the Court on Monday, January 9, 2005 at 9:30 a.m. in Courtroom 601.

20    IT IS FURTHER ORDERED that the remaining parties' Amended Joint Pretrial
21 Statement is due on or before Wednesday, December 21, 2005.

22    IT IS FURTHER ORDERED that the Plaintiff's jury instructions specifically
23 addressing the measure of damages is due to the Court on or before Wednesday, December
24 21, 2005.

1  DATED this 1st day of December, 2005.

        _____
        Paul G. Rosenblatt
        United States District Judge

_____
Paul G. Rosenblatt
United States District Judge