IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gerald K. Smith, as Plan Trustee for and on behalf of the Estates of Boston Chicken, Inc., et al.,<br><br>    Plaintiffs,<br>  vs.<br><br>Arthur Andersen LLP, et al.,<br><br>    Defendants.<br>_____<br><br>Scott A. Beck, Saad J. Nadhir and Mark W. Andersen,<br><br>    Third-Party Plaintiffs,<br><br>  vs.<br><br>Bank of America Corporation, on behalf of itself and a class of other lenders of Boston Chicken, Inc. similarly situated,<br><br>    Third-Party Defendants.<br>_____ | CV-01-218 PHX PGR<br>CV-01-246 PHX EHC<br>CV-02-1162 PHX PGR<br>CV-02-1248 PHX PGR<br>  (Consolidated)<br><br>APPROVAL AND BAR ORDER |

On December 7, 2005 Plaintiff and Defendant Arthur Andersen LLP ("Andersen") filed in this Court a Joint Motion to Approve Compromise and Settlement and to Enter Permanent Bar Order with respect to the Settlement Agreement signed by Plaintiff and Andersen as of December 6, 2005 ("Settlement Agreement").

1  Pursuant to the Joint Motion, Plaintiff and Andersen sought a
2  determination from the Court that the terms and conditions of the
3  Settlement Agreement were reached in good faith and are fair,
4  reasonable, and adequate for the settlement of claims which could
5  be asserted against Andersen in this action by the Plaintiff as
6  Plan Trustee ("Trustee") as authorized by Debtor's Third Amended
7  Chapter 11 Plan, Dated May 3, 2000, in the Jointly Administered
8  Chapter 11 Bankruptcy Cases of BCE West L.P., Boston Chicken,
9  Inc. ("BCI"), BC Real Estate Investments, Inc. and Affiliates
10 (BCI, BC Real Estate Investments, Inc., and Affiliates,
11 collectively, the "Debtors") identified as Bankruptcy Cases Nos.
12 98-12547 ECF CGC through 98-12570 ECF CGC (collectively "the
13 Bankruptcy Case"); notice having been mailed to all of the other,
14 non-settling defendants in this action; the Court having noted
15 the absence of any objections filed by the non-settling
16 defendants and all matters submitted to it; and all capitalized
17 terms having the same meaning as set forth and defined in the
18 Settlement Agreement;
19      NOW THEREFORE, IT IS HEREBY ORDERED THAT:
20      1.   The Court has jurisdiction over the subject matter of
21 this Action and the Settlement Agreement.
22      2.   The Court finds that notice of the Settlement Agreement
23 and proposed Approval and Bar Order was given to all non-settling
24 parties herein.  The Court further finds that the notice was
25 reasonable and apprised the non-settling parties of the pendency
26 of the Settlement Agreement and Approval and Bar Order and
27 afforded them the opportunity to present objections.
28
                                - 2 -

1    3.   No Defendant having filed opposition to the Settlement
2 Agreement or to the proposed form of Approval and Bar Order
3 within the time allowed by law, the Settlement Agreement is
4 approved and adjudicated to be fair, reasonable and adequate with
5 respect to the Trustee, Andersen, and the Other Defendants (as
6 defined in the Settlement Agreement).  The Settlement Agreement,
7 including the definitions contained therein, is incorporated by
8 reference in this Approval and Bar Order.
9    4.   The Settlement Agreement is adjudicated to be a
10 settlement entered in good faith.
11   5.   The non-settling parties and the Other Defendants are
12 permanently barred and enjoined from asserting or continuing to
13 prosecute, either directly or in any other capacity, any and all
14 Released Claims (as defined in the Settlement Agreement) whether
15 directly, indirectly, derivatively, representatively or in any
16 other capacity (excluding claims to enforce the terms of the
17 Settlement Agreement) against  the Andersen Released Parties (as
18 defined in the Settlement Agreement).  The Released Claims are
19 compromised, settled and released as against the Andersen
20 Released Parties by virtue of this Approval and Bar Order.
21   6.   By virtue of the "good faith" nature of the Settlement
22 Agreement approved by this Court, the Andersen Released Parties
23 are discharged from all Claims for contribution, indemnification
24 or the like that have been or may later be brought by or on
25 behalf of any of the Other Defendants based upon, relating to or
26 arising out of the Released Claims.  Accordingly, the Other
27 Defendants are permanently barred, enjoined and restrained from
28
- 3 -

asserting or continuing to prosecute any Claim that constitutes a Released Claim, however styled, whether for contribution, indemnity or otherwise and whether arising under state, federal or common law, against any of the Andersen Released Parties based upon, arising out of or related to the work performed by any of the Andersen Released Parties on behalf of, or their relationship with, the Debtors or the Debtors' bankruptcy estates.

7.   With respect to any judgment that might be entered on any cause of action or claim in this action, or any pending or future adversary proceeding, contested matter or civil action filed by the Trustee or otherwise on behalf of the Debtors or the Debtors' bankruptcy estates which is based upon, arises out of, or relates to the work performed by any of the Andersen Released Parties on behalf of, or their relationship with, the Debtors or the Debtors' bankruptcy estates, in which there is or may be a determination of fault on the part of any Andersen Released Party, including but not limited to a determination of fault based on joint and several liability, the Other Defendants shall receive a pro rata judgment reduction credit.  In recognition of the Settlement Payment, and in light of the Trustee's and Andersen's intent to provide the Andersen Released Parties with comprehensive, full and complete finality with regard to any and all Claims that have been or could be asserted against them as a result of their conduct or prior dealings with the Debtor or the Debtors' respective bankruptcy estates, any resulting judgment reduction credit shall be applied so as to preclude recovery by any party for any amount of pro rata fault attributable to any

- 4 -

Andersen Released Party. With respect to each claim that goes to verdict in the Litigation or in any pending or future adversary proceeding, contested matter or civil action filed by the Trustee or otherwise on behalf of the Debtors or the Debtors' bankruptcy estates, the verdict form shall set forth the total amount of damages and an allocation of fault, if any, among all of the defendants and any other responsible persons or entities, including, if and as applicable, each of the Andersen Released Parties. The Trustee shall not seek to collect any amount on any judgment against any of the Other Defendants to the extent, and only to the extent, that any such Other Defendant has a right under applicable law of contribution or indemnification against any of the Andersen Released Parties. Should the Trustee receive a final monetary judgment against any of the Other Defendants which then results in any Other Defendant being legally entitled to require such Andersen Released Party to make payment toward that judgment, the Trustee shall seek Court approval to reduce the judgment by an amount sufficient to result in such Andersen Released Party having no obligation toward the judgment. Should this Bar Order for any reason be reversed or modified due to any appeal, challenge, motion to reconsider or other proceeding, at any trial or other proceeding involving the Released Claims at which the Trustee is awarded damages, the total damages awarded the Trustee shall be reduced in proportion to the percentage of fault, if any, allocated to any Andersen Released Party at such trial or other proceeding. Nothing contained in this paragraph shall prevent the Trustee from seeking to enforce a judgment

against any non-settling party based on that party's joint and several liability for the total percentage of fault of all non-settling parties.

8. Neither this Approval and Bar Order nor any term or provision of the Settlement Agreement shall be offered or received against any Andersen Released Party or the Trustee as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged in or the validity of any Claim that was asserted or could have been asserted in this action.

9. There is no just reason for delay in the entry of this Approval and Bar Order and immediate entry by the Clerk is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

10. Jurisdiction is retained over the parties and the Settlement Agreement for all matters relating to the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Approval and Bar Order.

DATED this 30th day of December, 2005.

_____
Paul G. Rosenblatt
United States District Judge