IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GERALD K. SMITH, as Plan Trustee for and on behalf of the Estates of Boston Chicken, Inc., et al.<br><br>Plaintiff,<br><br>v.<br><br>ARTHUR ANDERSEN LLP, a limited liability partnership, et al.<br><br>Defendants. | CV-01-218-PHX-PGR<br>CV-01-246-PHX-EHC<br>CV-02-1162-PHX-PGR<br>CV-02-1248-PHX-PGR<br>(Consolidated)<br><br>**APPROVAL AND BAR ORDER** |
| Scott A. Beck, et al.,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>Bank of America Corporation,<br><br>Third-Party Defendants. | |

On January 13, 2006, Plaintiff and Defendants Merrill Lynch & Co., Inc. and its subsidiary Merrill Lynch, Pierce, Fenner & Smith Inc., Deutsche Bank Securities, Inc. f/k/a Deutsche Bank Alex. Brown ("Alex. Brown"), Morgan Stanley & Co. Incorporated (these four Defendants are collectively referred to in this Order as the "Underwriters"), and Paul, Weiss, Rifkind, Wharton & Garrison LLP ("PWR"), filed in this Court a Joint Motion to

1   Approve Compromise and Settlement and to Enter Permanent Bar Order with respect to the

2   Settlement Agreement signed by Plaintiff, the Underwriters and PWR as of January 12, 2006

3   ("Settlement Agreement").  Pursuant to the Joint Motion, Plaintiff, the Underwriters, and

4   PWR sought a determination from the Court that the terms and conditions of the Settlement

5   Agreement were reached in good faith and are fair, reasonable, and adequate for the

6   settlement of claims which could be asserted against the Underwriters and PWR in this action

7   by the Plaintiff as Plan Trustee ("Trustee") as authorized by Debtor's Third Amended Chapter

8   11 Plan, Dated May 3, 2000, in the Jointly Administered Chapter 11 Bankruptcy Cases of

9   BCE West L.P., Boston Chicken, Inc. ("BCI"), BC Real Estate Investments, Inc. and

10  Affiliates (BCI, BC Real Estate Investments, Inc., and Affiliates, collectively, the "Debtors")

11  identified as Bankruptcy Cases Nos. 98-12547 ECF CGC through 98-12570 ECF CGC

12  (collectively "the Bankruptcy Case"); there being no other non-settling defendants left in this

13  action and notice having been served by hand on counsel for all of the Other Defendants (as

14  that term is defined in the Settlement Agreement); the Court having noted the absence of any

15  objections filed by the Other Defendants and all matters submitted to it; and all capitalized

16  terms having the same meaning as set forth and defined in the Settlement Agreement;

17        NOW THEREFORE, IT IS HEREBY ORDERED THAT:

18        1.    The Court has jurisdiction over the subject matter of this Action and the

19  Settlement Agreement.

20        2.    The Court finds that notice of the Settlement Agreement and proposed Approval

21  and Bar Order was given to all of the Other Defendants.  The Court further finds that the

22  notice was reasonable and apprised the Other Defendants of the pendency of the Settlement

23  Agreement and Approval and Bar Order and afforded them the opportunity to present

24  objections.

25        3.    The Court finds that: a) no Other Defendant filed an opposition to the

26  Settlement Agreement or to the proposed form of Approval and Bar Order within the time

27  allowed by law; b) Plaintiff has authority under the Debtor's Third Amended Chapter 11 Plan

28  Dated May 3, 2000 to enter into the Settlement Agreement; and c) the Settlement Agreement

1    is approved and adjudicated to be fair, reasonable and adequate with respect to the Trustee,

2    the Debtor, and the Debtor's bankruptcy estates, the Underwriters, PWR, and the Other

3    Defendants. The Settlement Agreement, including the definitions contained therein, is

4    incorporated by reference in this Approval and Bar Order.

5          4.      The Settlement Agreement is adjudicated to be a settlement entered in good

6    faith.

7          5.      The Other Defendants and all other persons or entities are permanently barred

8    and enjoined from asserting or continuing to prosecute, either directly or in any other

9    capacity, any and all Released Claims (as defined in the Settlement Agreement) whether

10   directly, indirectly, derivatively, representatively or in any other capacity (excluding claims to

11   enforce the terms of the Settlement Agreement) against the UNDERWRITER/PWR

12   RELEASED PARTIES (as defined in the Settlement Agreement). The Released Claims are

13   compromised, settled and released as against the UNDERWRITER/PWR RELEASED

14   PARTIES by virtue of this Approval and Bar Order.

15        6.      By virtue of the "good faith" nature of the Settlement Agreement approved by

16   this Court, the UNDERWRITER/PWR RELEASED PARTIES are discharged from all

17   Claims for contribution, indemnification, reimbursement or the like that have been or may

18   later be brought by or on behalf of any of the Other Defendants based upon, relating to or

19   arising out of the Released Claims. Accordingly, the Other Defendants and all other persons

20   and entities claiming under or by the Other Defendants are permanently barred, enjoined and

21   restrained from asserting or continuing to prosecute any Claim that constitutes a Released

22   Claim, however styled, whether for contribution, indemnity, reimbursement or otherwise and

23   whether arising under state, federal or common law, against any of the

24   UNDERWRITER/PWR RELEASED PARTIES based upon, arising out of or related to the

25   work performed by any of the UNDERWRITER/PWR RELEASED PARTIES on behalf of,

26   or in connection with their relationship with, the Debtors or the Debtors' bankruptcy estates.

27        7.      With respect to any judgment that might be entered on any cause of action or

28   claim in this action, or any pending or future adversary proceeding, contested matter or civil

action filed by the Trustee or otherwise on behalf of the Debtors or the Debtors' bankruptcy

estates which is based upon, arises out of, or relates to the work performed by any of the

UNDERWRITER/PWR RELEASED PARTIES on behalf of, or in connection with their

relationship with, the Debtors or the Debtors' bankruptcy estates, in which there is or may be a

determination of fault on the part of any of the UNDERWRITER/PWR RELEASED

PARTIES, including but not limited to a determination of fault based on joint and several

liability, the Other Defendants shall receive a pro rata judgment reduction credit.  In

recognition of the Settlement Payment, and in light of the Trustee's, the Underwriters' and

PWR's intent to provide the UNDERWRITER/PWR RELEASED PARTIES with

comprehensive, full and complete finality with regard to any and all Claims that have been or

could be asserted against them as a result of their conduct or prior dealings with the Debtor or

the Debtors' respective bankruptcy estates, any resulting judgment reduction credit shall be

applied so as to preclude recovery by any party for any amount of pro rata fault attributable to

any UNDERWRITER/PWR RELEASED PARTIES.  With respect to each claim that goes to

verdict in the Litigation or in any pending or future adversary proceeding, contested matter or

civil action filed by the Trustee or otherwise on behalf of the Debtors or the Debtors'

bankruptcy estates, the verdict form shall set forth the total amount of damages and an

allocation of fault, if any, among all of the defendants and any other responsible persons or

entities, including, if and as applicable, each of the UNDERWRITER/PWR RELEASED

PARTIES.  The Trustee shall not seek to collect any amount on any judgment against any of

the Other Defendants to the extent, and only to the extent, that any such Other Defendant has

a right under applicable law of contribution or indemnification against any of the

UNDERWRITER/PWR RELEASED PARTIES.  Should the Trustee or anyone suing on

behalf of the Debtors or the Debtors' bankruptcy estates receive a final monetary judgment

which then results in any person or entity being legally entitled to require such

UNDERWRITER/PWR RELEASED PARTY to make payment toward that judgment, the

Trustee or such other person shall seek Court approval to reduce the judgment by an amount

sufficient to result in such UNDERWRITER/PWR RELEASED PARTY having no obligation

toward the judgment.  Should this Bar Order for any reason be reversed or modified due to any appeal, challenge, motion to reconsider or other proceeding, at any trial or other proceeding involving the Released Claims at which the Trustee or anyone suing on behalf of the Debtors or the Debtors' bankruptcy estates is awarded damages, the total damages awarded the Trustee or such other persons shall be reduced in proportion to the percentage of fault, if any, allocated to any UNDERWRITER/PWR RELEASED PARTY at such trial or other proceeding.  Nothing contained in this paragraph shall prevent the Trustee from seeking to enforce a judgment against any non-settling party based on that party's joint and several liability for the total percentage of fault of all non-settling parties.

8.     Neither this Approval and Bar Order nor any term or provision of the Settlement Agreement shall be offered or received against any UNDERWRITER/PWR RELEASED PARTY or the Trustee as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission with respect to the truth of any fact alleged in or the validity of any Claim that was asserted or could have been asserted in this action.

9.     There is no just reason for delay in the entry of this Approval and Bar Order and immediate entry by the Clerk is expressly directed pursuant to Rule 54(b), Federal Rules of Civil Procedure.

10.     In accordance with Federal Rule of Civil Procedure 62, the Court authorizes Plaintiff to disburse the Settlement Payment described in Paragraph 2 of the Settlement Agreement to persons or entities eligible to receive that payment any time after ten business days have elapsed from the date the Court enters this Approval and Bar Order on the Court's docket.

Gibson, Dunn &
Crutcher LLP

5

11.     Jurisdiction is retained over the parties and the Settlement Agreement for all matters relating to the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Approval and Bar Order under the principles set forth in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994).

DATED this 31st day of January, 2006.


Paul G. Rosenblatt
United States District Judge

Gibson, Dunn &
Crutcher LLP